ORTIZ & ORTIZ, L.L.P.
287 Park Avenue South, Ste. 728
New York, New York 10010
Tel. (718) 522-1117
Fax. (718) 596-1302
email@ortizandortiz.com
Norma E. Ortiz
*Proposed Counsel to the Debtor and*
*Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re

MICHAEL J. TULCHINER aka
MICHAEL JAY TULCHINER aka
MICHAEL TULCHINER dba
LAW OFFICE OF MICHAEL J. TULCHINER,          Case No. 23-70736

                                                                 Sub Chapter V Chapter 11
                          Debtor.
---------------------------------------------------------X

## DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 327(a) AND FED. R. BANKR. PROC. 2014 AND 2016 AUTHORIZING THE EMPLOYMENT OF ORTIZ & ORTIZ L.L.P. AS DEBTOR'S COUNSEL TO PETITION DATE

TO THE HONORABLE ,
UNITED STATES BANKRUPTCY JUDGE:

      Michael J. Tulchiner (the "Debtor"), by his proposed counsel Ortiz & Ortiz, L.L.P. ("O & O"), respectfully represents:

### BACKGROUND

1.      The Debtor filed a voluntary Chapter 11 petition on March 3, 2022 (the "Petition Date") and has remained in possession pursuant to 11 U.S.C. § 1107.

2.      The Debtor is a practicing attorney and operates his business under the name Law Office of Michael J. Tulchiner (the "Firm"). The Firm has a separate tax identification number

but is not operated under a separate entity. The Debtor invested in a food business that was known as Harry's Hot Dogs of Bay Plaza, LLC ("Harry's"). As a result of the loss of revenue that resulted from COVID, Harry's fell behind on its rental and debt obligations. It filed for protection under Chapter 11 on December 29, 2021 under Case No. 21-12141 in the Southern District of New York. The Chapter 11 case was eventually converted to a Chapter 7 case. As a result of the Debtor's personal guarantee of Harry's lease and other debt, he faces a significant amount of debt that he can not pay in full and is in need of the court's protection so that he may reorganize his financial affairs.

## JURISDICTION

3.       The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

4.       Subject to the Court's approval, the Debtor has retained Ortiz & Ortiz, L.L.P. ("O & O") as his bankruptcy counsel to prosecute his Chapter 11 case. Pursuant to 11 U.S.C. § 327(a), Fed. Rule Bankr. Proc. 2014(a) and 2016, and Local Rules 2014-1 and 2016-1. The Debtor requests authority to retain O & O as attorneys for the Debtor as of the Petition Date. O & O anticipates rendering the following services to the Debtor:

- perform all necessary services as Debtor's counsel that are related to the reorganization and the bankruptcy estate;
- assist the Debtor in protecting and preserving estate assets during the pendency of the chapter 11 case, including the prosecution and defense of actions and claims arising from or related to the estate and/or the Debtor's reorganization;

- prepare all documents and pleadings necessary to ensure the proper administration of its case; and perform all other bankruptcy-related necessary legal services.

6. The Debtor believes that O & O is qualified to represent his interests and the interests of the estate. Norma E. Ortiz, the attorney responsible for the case, has over thirty-five years of bankruptcy law experience in the public and private sectors and has participated in many Chapter 11 cases in various capacities. O & O is willing to act in this case and render the necessary professional services as attorneys for the Debtor.

7. Based on the annexed Declaration of Norma E. Ortiz, O & O does not hold or represent an interest adverse to the Debtor's estate in the matters upon which O & O is to be employed and O & O is "disinterested" as that term is defined in the Bankruptcy Code. O & O intends to apply to the Court for the allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules and orders of the Court.

8. The Debtor and O & O entered into a retainer agreement that provided O & O with a classic retainer in the amount of $11,738.00. Such a retainer is earned when paid but is subject to the restrictions of the applicable provisions of the Bankruptcy Code, such as Section 328, 329, 330 and 331 and the Federal Rules of Bankruptcy Procedure. The retainer was paid to O & O by the Debtor. O & O paid the filing fee from the retainer paid.

9. The proposed terms of O & O's retention are set forth in the attached Declaration of Norma E. Ortiz. O & O asserts that the terms of its retention are reasonable under Section 328 and should be approved. The amount of the retainer and hourly rates charged by O & O are at or below the amounts typically sought in Chapter 11 cases in this district. O & O has successfully

prosecuted Chapter 11 cases previously and demonstrated competence in such cases. Subject to the Court's approval, the Debtor proposes to pay O & O its customary hourly rates as set forth in Norma E. Ortiz's Declaration and submits that such rates are reasonable.

10. O & O intends to utilize that portion of its classic retainer that was not expended prior to the bankruptcy filing to satisfy post-petition services rendered and seek additional fees pursuant to 11 U.S. C. §§ 330 and 331. For these reasons, O & O and the Debtor request that the Court approve the proposed terms of O & O's retention.

11. No previous application for the relief requested herein has been made to this Court.

WHEREFORE, the Debtor respectfully requests the entry of an order substantially in the form of the prefixed order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
March 3, 2023

> *S/Norma Ortiz*
> Norma E. Ortiz
> Ortiz & Ortiz L.L.P.
> 287 Park Avenue South, Ste. 728
> New York, New York 10010
> Tel. (718) 522-1117
> Proposed Counsel to the Debtor
>
>
> *S/Michael J. Tulchiner*
> Michael J. Tulchiner
> Debtor

**DECLARATION OF NORMA ORTIZ**

ORTIZ & ORTIZ, L.L.P.
287 Park Avenue South, Ste. 728
New York, New York 10010
Tel. (718) 522-1117
Fax. (718) 596-1302
email@ortizandortiz.com
Norma E. Ortiz
*Proposed Counsel to the Debtor and*
*Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re

MICHAEL J. TULCHINER aka
MICHAEL JAY TULCHINER aka
MICHAEL TULCHINER dba
LAW OFFICE OF MICHAEL J. TULCHINER,         Case No.

                                            Sub Chapter V Chapter 11
                        Debtor.

---------------------------------------------------------X

**DECLARATION AND DISCLOSURE STATEMENT OF NORMA E. ORTIZ, ESQ., IN SUPPORT OF APPLICATION FOR RETENTION OF ORTIZ & ORTIZ, L.L.P.**

Norma E. Ortiz, states as follows:

1.      I am an attorney at law admitted to practice before this Court and a member of the firm Ortiz & Ortiz, L.L.P ("O & O"). I am the attorney primarily responsible for the Debtor's case. I have been involved in numerous reorganization and consumer bankruptcy cases over the last 33 years and possess the requisite experience and qualifications to serve as Debtor's counsel.

2.      My firm has agreed to bill the Debtor at an hourly rate of $400.00 an hour for partners, $350.00 an hour and below for associates and attorneys serving as of counsel to my firm, $150.00 for paralegals, and $100 an hour for law graduates.  I customarily bill Chapter 11 Debtors between $400.00 and $475.00 and hour and bill non-bankruptcy clients between

$350.00 and $525.00 an hour, depending on – among other things – the complexity of the matter. Photocopying charges are billed at our cost when copying services are performed by a third party. Any costs incurred by third party vendors will be billed to the estate at O & O's cost. The Debtor has consented to our retention under these terms.

3. I know of no reason why O & O is not qualified to represent the Debtor in this case. The firm had no prior connection to the Debtor before it was first consulted regarding the his financial difficulties soon before the Petition Date. In addition, I utilized software to search our databases of present and former clients to conduct a conflicts check before agreeing to be retained by the Debtor. The firm has no economic or professional relationship with any of the Debtor's creditors other than in the ordinary course of its business, such as the firm may maintain a bank account with a bank that is a creditor of the Debtor. For these reasons, I believe O & O neither represents nor has any connection to any creditor or party in interest of the Debtor, other than in the ordinary course of its business.

4, I was previously employed by the U.S. Trustee's office, but have no present connection to the office other than in the ordinary course of my practice.

5. O & O received a $11,738 classic retainer from the Debtor prior to the bankruptcy filing. We paid the filing fee from the retainer. O & O intends to apply the remainder of its retainer to services rendered pre-petition and post-petition upon court approval of all fees paid to the firm pursuant to, among other things, 11 U.S.C. §§ 330, 331.

6. Any post-petition payments of compensation will be made pursuant to, among other things, the applicable Bankruptcy Code provisions and the Federal Rules of Bankruptcy Procedure. Moreover, my firm is fully aware that all fees received as compensation for services to the Debtor are subject to the Court's approval for, among other things, reasonableness –

regardless of the source of funds paid to my firm.

7. My firm has not agreed to share compensation with any other person or entity. O & O shall not seek an increase in its hourly rates without prior notice to the Debtor, the Court, and the Office of the U.S. Trustee.

I declare under the penalty of perjury that the foregoing is accurate and correct.

Dated: Astoria, New York
March 3, 2023

*S/Norma Ortiz*
Norma E. Ortiz
Ortiz & Ortiz L.L.P.
287 Park Ave. South, Ste. 728
New York, New York 10010
Tel. 718.522.1117
Email@ortizandortiz.com
*Proposed Counsel to the Debtor*

**PROPOSED ORDER**

ORTIZ & ORTIZ, L.L.P.
287 Park Avenue South, Ste. 728
New York, New York  10010
Tel. (718) 522-1117
Fax. (718) 596-1302
email@ortizandortiz.com
Norma E. Ortiz
*Proposed Counsel to the Debtor and*
*Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In re

MICHAEL J. TULCHINER aka
MICHAEL JAY TULCHINER aka
MICHAEL TULCHINER dba
LAW OFFICE OF MICHAEL J. TULCHINER,        Case No.

                                                                              Sub Chapter V Chapter 11
                              Debtor.

--------------------------------------------------------X

### ORDER PURSUANT TO SECTION 327 (a) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT OF ORTIZ & ORTIZ, L.L.P. AS ATTORNEYS FOR THE DEBTOR

Upon the application (the "Application") of Michael J. Tulchiner (the "Debtor"), as debtor and debtor in possession for entry of an order pursuant to 11 U.S.C. § 327(a) authorizing and approving the employment of Ortiz & Ortiz, L.L.P. ("O & O") as his attorneys under a classic retainer; upon the Declaration of Norma E. Ortiz, Esq., a member of the firm of O & O; it appearing that the member of O & O is admitted to practice before this Court; the Court being satisfied that O & O represents no interest adverse to the Debtor and the estate as to the matters upon which it is to be engaged, is disinterested under 11 U.S.C. § 101(14), and that the employment of O & O is necessary and in the best interest of the Debtor and the estate; due notice of the Application having been given to the United States Trustee, and it appearing that no

other or further notice need be given; sufficient cause appearing therefore, it is

ORDERED, that pursuant to 11 U.S.C. § 327(a) of the Bankruptcy Code, the Debtor is authorized to employ O & O as its attorneys under the terms and conditions set forth in the Application as of March 3, 2023; and it is further

ORDERED, that no compensation or reimbursement of expenses shall be paid to O & O for professional services rendered to the Debtor, except upon proper application and by further order of this Court, and any of O & O's fee applications will be subject to notice and hearing pursuant to Sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and will comply with the Court's General Order 613 (Guidelines for Fees and Disbursements for Professionals in Eastern District of New York Bankruptcy Cases); and it is further

ORDERED, that prior to any increases in O & O rates for any individual retained by O & O and providing services in this case, O & O shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether O & O's client has consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate

increase pursuant to Section 330 of the Bankruptcy Code.

Dated:           , 2023
Central Islip, New York

_____

U.S. Bankruptcy Judge

NO OBJECTION:

_____

Office of the United States Trustee