**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>MICHAEL J. TULCHINER aka<br>MICHAEL JAY TULCHINER aka<br>MICHAEL TULCHINER dba<br>LAW OFFICE OF MICHAEL J. TULCHINER,<br><br>     Debtor. | **Case No. 23-70736-AST**<br>**Chapter 11 -- Subchapter V**<br><br>**Objection Deadline: [7 days before hearing]**<br>**Reply Deadline [3 days before hearing]**<br>**Hearing Date: [at least 14 days after filing]** |

**UNSECURED CREDITOR LOGAN FINANCE CORPORATION'S MOTION TO
EXTEND CLAIM FILING PERIOD DUE TO INSUFFICIENT NOTICE**

Jason W. McElroy
WEINER BRODSKY KIDER PC
1300 19th Street NW, Fifth Floor
Washington, DC 20036
Tel: (202) 628-2000
Fax: (202) 628-2011
mcelroy@thewbkfirm.com

*Counsel for Logan Finance Corporation*

**INTRODUCTION**

Pursuant to Fed. R. Bank. P. 3002(c)(6) and E.D.N.Y.LBR 9013-1, Creditor Logan Finance Corporation ("Logan") requests this Court extend the time for it to file a claim due to Debtor Michael J. Tulchiner's ("Debtor") failure to provide notice to Logan.

1. Logan is a mortgage company located in Hauppauge, NY. Its primary business is originating residential mortgage loans.

2. Logan's claim against Debtor arises out of a loan it originated on August 26, 2022 (the "Closing Date"), for which Debtor, doing business as The Law Offices of Michael J. Tulchiner, served as the closing attorney (the "Subject Loan"). The Subject Loan was originated with respect to a property located at 278 Halsey Street, Brooklyn, NY 11216 (the "Subject Property").

3. To effectuate the closing of the Subject Loan, Logan wired $1,186,479.79 (the "Closing Funds") on the Closing Date to an escrow account at Citibank, N.A. designated by Debtor for the purpose of distribution by Debtor at the closing of the Subject Loan transaction. *See* Ex. A of Affidavit of C. Colagiacomo.[1]

4. Logan instructed Debtor to distribute the Closing Funds on the Closing Date in accordance with specific "Instructions to Escrow/Title/Closing Agent." These instructions were e-mailed by Logan to Debtor on August 24, 2022 (the "Closing Instructions"). *See* Ex. B of Affidavit of C. Colagiacomo. Logan also emailed loan disbursement instructions to Debtor on August 25, 2022 (the "Disbursement Instructions"). *See* Ex. B of Affidavit of C. Colagiacomo.

---

[1] Logan has redacted any personally identifiable information or other confidential information from the attachments to the Declaration of C. Colagiacomo, consistent with Fed. R. Bank. P. 9037.

5.  The Subject Loan was a refinance transaction, in which the consumer was paying off a prior loan on the Subject Property. Thus, as part of the loan instructions, a portion of the Closing Funds, $413,237.00 (the "Pay-off Funds"), was to be disbursed on the Closing Date by Debtor to PHH Mortgage, to pay-off and satisfy the existing mortgage loan secured by the Subject Property.

6.  The Closing Instructions required Debtor to provide Logan with a settlement statement reflecting payoff of the existing mortgage loan secured by the Subject Property and a copy of the pay-off.

7.  On August 29, 2022, Logan received a FedEx package containing a post-closing settlement package from Debtor. This package contained, among other documents, Disbursement Instructions, signed Closing Instructions, and a HUD-1 Settlement Statement signed by Debtor as "Settlement Agent" evidencing payoff to PHH in the amount of $413,237.00. *See* Ex. C of Affidavit of C. Colagiacomo.

8.  On February 9, 2023, Mtg Maven, LLC, a third party mortgage broker, contacted Logan to inform them that PHH Mortgage Services had indicated that they had not received any pay-off funds for the existing mortgage loan secured by the Subject Property. Instead, PHH had indicated that it had received only a copy of the payoff check, not the physical check itself.

9.  Logan has been unable to reach a resolution with respect to the funds that should have been paid to PHH. Logan held an in-person meeting with Debtor and his counsel on May 16, 2023. Debtor failed to respond to subsequent phone calls and e-mails from Logan's counsel.

10. Unbeknownst to Logan, Debtor had filed a petition for bankruptcy in this Court on March 3, 2023. Dkt.1. Debtor did not inform Logan of this bankruptcy at the May 16, 2023 meeting. Logan did not learn of this bankruptcy proceeding until June 13, 2023, when its

counsel informed it of these proceedings. At that point, the claim filing deadline of May 12, 2023, as set forth in the Subchapter V of Chapter 11 Order (Dkt. 18), had already passed.

11. On March 5, 2023, Debtor filed Form 104 listing creditors with the 20 largest unsecured claims. Dkt. 4. Debtor listed Mall 1-Bay Plaza LLC as the creditor with the largest unsecured claim at $297,494.97. *Id*. Logan's claim against Debtor is for at least $413,237.00.

12. On March 6, 2023, Debtor filed a list of creditors. Dkt. 6. Debtor did not include Logan on this list.

13. On March 20, 2023, Debtor filed an amended list of creditors. Dkt. 23. Again, Debtor did not include Logan on this amended list.

14. Fed. R. Bankr. P. 3002(c)(6) allows an extension of the claim filing period for failure by Debtor to provide proper notice: "[o]n motion filed by a creditor before or after the expiration of the time to file a proof of claim, the court may extend the time by not more than 60 days from the date of the order granting the motion. The motion may be granted if the court finds that the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim." Failure to list a creditor in the creditor's schedule or matrices meets the standard set by Rule 3002(c)(6). *In re Helios*, 629 B.R. 772, 781 (S.D.N.Y. Bankr. 2021); *In re: Mazik*, 592 B.R. 812, 818-19 (E.D. Pa. Bankr. 2018).

15. Based on conversations with the U.S. Trustee's representative and the Subchapter V Trustee, neither has expressed opposition to the extension requested.

16. As of the date of this filing, Debtor has not expressed a position as to the extension requested.

17. Logan requests this Court grant an extension of time of up to 60 days for it to file a claim for the $413,237.00 which was not paid to PHH in accordance with the Closing Instructions plus interest and fees assessed as a direct result of such non-payment.

Dated:  July 28, 2023                                    Respectfully submitted,


                                                     *s/ Jason W. McElroy*
                                                     Jason W. McElroy
                                                     WEINER BRODSKY KIDER PC
                                                     1300 19th Street NW, Fifth Floor
                                                     Washington, DC 20036
                                                     Tel:  (202) 628-2000
                                                     Fax:  (202) 628-2011
                                                     Email: mcelroy@thewbkfirm.com


                                                     ***Counsel for Logan Finance Corporation***

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 28, 2023, I caused a copy of the foregoing Motion for Extension of Time to be served on all registered users of CM/ECF who have appeared in this matter.

*s/ Jason W. McElroy*
Jason W. McElroy